**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN CURRIER,

                        Plaintiff,

v.                                   CIVIL CASE NO. 06-12365

TRANSUNION CREDIT INFORMATION CO.,    HONORABLE PAUL V. GADOLA
                                               U.S. DISTRICT COURT

                        Defendant.
_____/

## **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Now before this Court is Defendant Transunion Credit Information Company's ("Transunion") motion for summary judgment and the report and recommendation of Magistrate Judge R. Steven Whalen. Magistrate Judge Whalen recommended that Defendant Transunion's motion for summary judgment be granted. The report and recommendation also notified the parties that objections must be filed within ten days following the filing of the report and recommendation. Defendant Transunion filed objections to the extent that it seeks to clarify the record but it does not object in the result. Plaintiff has not filed any objections or a response to Defendant's objections..

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court need not conduct a review by any standard. See *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo*. *Lardie*, 221 F. supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in

relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendant filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie*, 221 F. Supp. 2d at 807. If a Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id.*; 12 Wright, Federal Practice § 3010.2.

In the present case, Defendant does not object to the ultimate conclusion of the report and recommendation. Defendant also does not dispute that, as the magistrate judge stated, Defendant deleted certain credit records that appeared on Plaintiff's credit history. However, Defendant filed an objection "for the sake of complete consistency with the evidentiary record and to avoid any

2

possible confusion." Def's Objs, p. 1. Defendant argues that merely because it deleted the accounts, a finding that the accounts were inaccurate is not supported. In support of this proposition, Defendant cites 15 U.S.C. § 1681c (mandating that certain information must be deleted after a fixed period of time) and 15 U.S.C. § 1681i(a)(5) (requiring that disputed accounts be deleted when the furnisher of the information fails to respond to a verification request within the statutory time) among other sections of the Fair Credit Reporting Act. Furthermore, Defendant argues that Plaintiff has admitted that the credit history records in question were not inaccurate.

After conducting a de novo review of the portions of the report and record objected to, the Court concludes that the result of the report and recommendation is correct. The magistrate judge indicated that by deleting certain records in Plaintiff's credit history, Defendant conceded that those entries were incorrect. *See* Report and Recommendation, pp. 4-6. However, Defendant has demonstrated that under the Fair Credit Reporting Act an entry need not be inaccurate to be deleted. Furthermore, this finding is not necessary to the ultimate finding that Defendant's motion for summary judgment. Therefore, the Court will accept and adopt the report and recommendation in all regards except for the statements indicating that because Defendant deleted certain records in Plaintiff's credit history, those records were inaccurate. *See* Report and Recommendation, pp. 4-6. The Court makes no finding in any respect as to why those records were deleted.

Accordingly, **IT IS HEREBY ORDERED** that the report and recommendation of Magistrate Judge R. Steven Whalen [docket entry #59] is **ACCEPTED AND ADOPTED** to the extent not inconsistent with this order.

**IT IS FURTHER ORDERED** that Defendant Transunion Credit Information Company's

motion for summary judgment [docket entry #40] is **GRANTED**.

**SO ORDERED.**

Dated:   March 25, 2008                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 25, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:            Christopher T. Lane; Brian A. Nettleingham            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Kevin Currier            .

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845